Marshall E. Livingston, J.
The respondent (ETC) in this condemnation action moves for a protective order against a notice to produce certain documents and records for use in this proceeding.
The notices of the petitioner ('City) to produce for inspection and copying called for the following documents:
(1) The current employment contracts of William A. Lang, President and Charles F. Whitten, Vice-President, showing salary, conditions and terms of employment.
(2) The corporate stockbook and stock transfer ledger.
(3) The corporate tax returns for the last five (5) years.
(4) The labor relations file of events between 1962 and the present, containing correspondence, memorandums, contract negotiations showing all activity on the behalf of the corporation in relationship to the Union, which file, immediately before the condemnation, was in the possession and control of Charles F. Whitten, Vice-President.
(5) The corporate minutes of the Rochester Transit Corporation for the last ten (10) years.
*647 RTC contends, with one. exception, on its motion for a protective order, pursuant to CPLR 3103, that the documents sought to he inspected and copied ‘£ are not material to the issues in this proceeding and are not the proper subject of discovery and inspection
In its memorandum of law, RTC also argues that the corporate stock books, stock transfer ledger, corporate minutes and corporate tax returns are ££ items that are confidential in nature and subject to abuse if divulged”.
With respect, however, to the corporate tax returns for the past five years, RTC has waived its prior objection and now consents to furnish these to the City condemnor. It also volunteers to produce the annual stockholders’ reports for the past five years, the reports to the Public Service Commission, and the labor contract for 1967, together with the proposals submitted by the Union and RTC prior to negotiating the 1967 contract. The stockholders’ and Public Service Commission reports were not included in the notices, and the 1967 labor contract and some background material are only a portion of the labor relations file demanded in the notice.
Chapter 250 of the Laws of 1968, effective May 14, 1968, authorized the City to condemn the RTC, subject to the provisions of section 5-a of the Condemnation Law. On May 22, 1968 this court made an order condemning RTC’s real property, easements, certain improvements on city-owned land, personal property, including fixtures, vehicles, machinery, records, documents, all corporate books and records, franchises and rights belonging to RTC and vesting title thereto in the petitioner, City of Rochester, as of May 23, 1968.
A copy of the petition for condemnation and notice of presentation to the court has been given to the Public Service Commission, as required by section 5-a of the Condemnation Law, in conformance with the exception as to the time of the notice provided in chapter 250 of the Laws of 1968. The first Public Service Commission hearing has been scheduled, and at the conclusion of the hearings, this court will receive the report of the Public Service Commission, provided for in section 5-a of the Condemnation Law.
The notices under consideration here and the motion for a protective order have no relation to the Public Service Commission hearings on the prospective earnings and rate base and rate of return from which the estimate of earnings will be derived and which will be the subject of the Public Service Commission’s report to this court and to the commissioners of appraisal, if then appointed.
*648 ETC takes the position that in New York, by reason of Matter of City of New York (Fifth Ave. Coach Lines) (18 N Y 2d 212) and Matter of Port Auth. Trans-Hudson Corp. (20 N Y 2d 457), the only yardstick for measuring “ just compensation ” in this type of case is the cost of reproduction, less depreciation, plus ‘ ‘ going concern ’ ’ value, depending on what the evidence shows. Therefore, says ETC, all of what the City demands is immaterial because it does not bear on items which would be relevant to value under such a yardstick.
Were I to decide this motion on such a basis, I would, in effect, be proscribing the proof bearing on ‘ ‘ just compensation ’ ’ in the condemnation proceeding itself, and this I may not do.
The Fifth Ave. Coach Lines case (18 N Y 2d 212, supra) and the Port Auth. Trans-Hudson Corp. case (20 N Y 2d 457, supra) do not mandate the sole means of evaluating 1 ‘ just compensation ” in a transportation corporation case. In both of those cases the companies involved were losing money hand over fist because one was denied the right to charge an adequate fare by the condemnor, New York City (Matter of City of N. Y. [Fifth Ave. Coach Lines], supra, p. 220) and the other was in “ poor financial condition * * * faced not only with the bleak past but with .the dim financial future ” (Matter of Port Auth. Trans-Hudson Corp., supra, p. 465).
The answer, as I see it, to the contention that the Fifth Ave. Coach Lines and Port Auth. Trans-Hudson Corp. cases mandate a reproduction cost, less depreciation, plus “ going concern ” value rule is given by Judge Burke in his dissenting opinion in Matter of Port Auth. Trans-Hudson Corp. (supra, p. 475), when he says: ‘1 The majority is correct in asserting that determination of the just compensation to which one whose property has been taken under the power of eminent domain is entitled is, as the cases reveal, not subject to ‘ rigid rules
ETC also complains that the items demanded are confidential in nature and subject to abuse if divulged. ETC is a quasi-public corporation. The Public Service Commission regulations require that ETC preserve ‘ ‘ minute books, stock books, reports, correspondence, memoranda, etc. which will be useful in developing the history of or facts regarding any transaction ” (16 NYCBB 761.2, subd.. [b]). Such records are, of course, not confidential and may be subpoenaed by any interested party. I do not now know whether the records demanded will be pertinent to the issue of “ just compensation However, there is no legal privilege against disclosure of these records of which I am aware or which has been called to my attention, and the *649 trial court or the appraisers shall protect and prevent any abuse of the use of information furnished.
The matter of the labor relations file may not be material on the question of “ just compensation ” after it has been disclosed. .The same may be true respecting the employment contracts of ETC’s executive officers. They are not confidential, however, and should be available to the City for inspection and consideration as to whether or not they have any relevancy.
On this motion for a protective order, I should not limit either side in developing all the facts so that the court may consider and determine what “ just compensation ” is in this case.
As Judge Keating said in Matter of Port Auth. Trans-Hudson Corp. (20 N Y 2d 457, supra, p. 470): “Just compensation requires a result which is ‘ “ just ” both to an owner whose property is taken and to the public that must pay the bill ’. (United States v. Commodities Corp., 339 U. S. 121, 123 # * =£ ^ J 3
The motion for a protective order is denied, and ETC is directed to promptly comply with the notices to produce for inspection.