Howard T. Hogan, J.
On June 1,1973, the County of Nassau pursuant to an order of this court vested title to 11 transportation company lines. The condemnation of these lines has been consolidated in this proceeding.
Two issues, however, remain to be decided. The first is: which body of law and procedure will be used, the Condemnation Law or the Nassau County Administrative Code (L. 1939, ch. 272, as amd.) ? The second is: whether section 5-a of the Condemnation Law, providing for hearings by the New York State Commissioner of Transportation, applies?
At the hearing before this court on May 23, 1973, these issues were fully argued and all parties were given the opportunity to submit extensive briefs. In addition, the Commissioner of Transportation, appeared through counsel and submitted to the court’s jurisdiction.
The enabling statutés both general and local, permitting the acquisition of omnibus systems by the county, do not set forth the specific procedures to be followed (General Municipal Law, § 119-r; Local Laws 1972, No. 15 of Nassau County). In these proceedings, the petitioner has adopted a dual approach and has attempted, in its resolutions and papers presented to the court, to condemn under both the Condemnation Law and the applicable provisions of the Nassau County Administrative Code (Nassau County Bd. of Supervisors’ Resolutions Nos. 868 —1972, 48- — 1973, 89 —1973). This was done in the belief that the Administrative Code provisions covered only the condemnation of real property while the Condemnation Law could be made to apply to the nonrealty aspects of these proceedings. It is also apparent that petitioner desires to avail itself of section 5-a of the Condemnation Law in order to obtain certification by the Commissioner of Transportation of the annual earning-capacity of the subject omnibus lines, the rate base and rate of return from which his estimate of earnings is derived.
The petitioner contends that section 5-a of the Condemnation Law applies to any acquisition of property subject to the jurisdiction of the Commissioner of Transportation whether or not the Condemnation Law is used as a vehicle for the appropria *881 tian. Counsel for the Commissioner disagrees with this position and argues that section 5-a applies only if the condemnation proceedings are brought under the Condemnation Law.
Respondents all contend that the county has elected to proceed under the Administrative Code, hence, section 5-a of the Condemnation Law cannot apply, that, in any event, the Legislature never intended section 5-a to apply to bus companies, that section 119-r of the General Municipal Law removes the acquisition of a mass transportation capital project by a county from the jurisdiction of the Commissioner of Transportation, and that his findings pursuant to section 5-a would bé inadmissible because the only method for determining the value of a transportation corporation is its reproduction cost less accrued depreciation plus its “ going concern ” value.
This court holds that the petitioner cannot proceed under both the Condemnation Law and the Administrative Code but must choose one or the other. Even though Resolutions Nos. 868'— 1972 and 48 —1973 make reference to the 'Condemnation Law and the papers contain references to such law, the actual course pursued by petitioner quite clearly represents an election to proceed under the Administrative Code for all aspects of this condemnation.
Both the “ Notice and Petition ” and the “ Notice of Presentation ’ ’ provide that the compensation for the property to be taken will be determined by the court without a jury. The “ Notice of Presentation ” informs the respondents that title will vest upon the entry of the order to condemn. These provisions follow the Administrative Code and are completely alien in concept to the Condemnation Law. What is more, the petition itself follows the code in its most important aspects. The recitals contained therein as to preparation of maps, publication of the notice of the filing of the maps and notice of hearing, and the holding of a public hearing clearly show step by step compliance with our code.
Furthermore, section 11-16.0 of the code provides that the Board of Supervisors shall determine whether the compensation for the property taken is to be ascertained by the Supreme Court without a jury or by three Commissioners to be appointed by the Supreme Court or by the County Court. The board has herein determined that the compensation is to be ascertained by the court without a jury. All succeeding steps taken were in compliance with the Administrative Code. The practical effect of the petitioner’s course of conduct constitutes an election to proceed under the Administrative Code.
*882 Since the Condemnation Law does not apply to these proceedings, the petitioner cannot avail itself of the provisions of section 5-a. In this respect the court agrees with the contention of the Commissioner of Transportation. In addition, subdivision 2 of section 119-r of the General Municipal Law in clear and unequivocal language removes this type of condemnation proceeding from the jurisdiction of the Commissioner.- Said subdivision provides as follows: 1 ‘ The acquisition, construction, reconstruction, or improvement of any mass transportation capital project by a county, city, town or village pursuant to this -section shall not be subject to the jurisdiction of the commissioner of transportation except as provided in sections sixty-eight, sixty-nine, sixty-nine-a, sixty-nine-b, sixty-nine-c, and sixty-nine-d of the transportation corporations law.”
In order for section 5-a of the Condemnation Law procedure to be used when the Condemnation Law itself does not apply, the enabling legislation authorizing the condemnation must clearly and specifically apply those provisions to the acquisition in question (Matter of City of Rochester [Rochester Tr. Corp.], 57 Misc 2d 645). No such statutory scheme exists with respect to these proceedings. In our view, however, there is nothing to prevent the petitioner from calling the Commissioner of Transportation as its -own witness to testify on valuation within his area of expertise. In this respect, we disagree with the respondents’ contention that the only measure of value of a transportation corporation is the cost of its reproduction less depreciation plus “going concern” value (Matter of City of New York [Fifth Ave. Coach Lines], 18 N Y 2d 212; Matter of Port Auth. Trans-Hudson Corp. [Hudson Rapid Tubes Corp.], 20 N Y 2d 457; Matter of City of Rochester [Rochester Tr. Corp.], supra). The court will not proscribe the proof bearing on just compensation in this condemnation proceeding.
Accordingly, the court determines that this consolidated proceeding -shall be tried under the Nassau County Administrative Code and that -section 5-a of the Condemnation Law shall not apply.